**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Agustin ACOSTA-MAGALLANES,**
**aka Julian Acosta-Padilla,**
**Defendant-Appellant.**

**No. 15-10415**

United States Court of Appeals, Ninth Circuit.

Submitted November 16, 2016 *
San Francisco, California

Filed November 21, 2016

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Josh Alan Cummins Ackerman, Assistant U.S. Attorney, Tucson, AZ, for Plaintiff-Appellee.

Davina T. Chen, Law Office of Davina T. Chen, Glendale, CA, for Defendant-Appellant.

Before: GOULD, CLIFTON, and WATFORD, Circuit Judges.

## MEMORANDUM **

Agustin Acosta-Magallanes challenges the 48-month custodial sentence and 2-year term of supervised release imposed by the district court after his guilty-plea conviction for being found in the United States following deportation, in violation of 8 U.S.C. § 1326, as enhanced by § 1326(b)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Acosta-Magallanes contends that the district court abused its discretion in imposing non-individualized, contradictory supervised release conditions as he likely will not be in the country to follow the supervised release requirements. A court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). District courts, however, have discretion to impose supervised release in cases where added deterrence is needed. See United States v. Valdavinos–Torres, 704 F.3d 679, 693 (9th Cir. 2012); see also U.S.S.G. § 5D1.1, cmt. n.5. A district court imposing a term of supervised release for a deportable alien must articulate "a specific and particular-

ized explanation that supervised release would provide an added measure of deterrence and protection based on the facts of [the defendant's] case." Valdavinos–Torres, 704 F.3d at 693. Here, the district court gave an adequate and reasoned basis for sentencing Acosta-Magallanes to supervised release. After considering his past history, the court found that supervised release would deter Acosta-Magallanes from returning to the United States. At sentencing, the district court also said that the terms of supervised release would apply only if Acosta-Magallanes returned to the United States. In our view, the district court acted within its proper discretion by imposing a term of supervised release in the circumstances presented.

Acosta-Magallanes also argues that 8 U.S.C. § 1326(b) is unconstitutional, and as a result, his sentence cannot be more than two years. This court has repeatedly rejected this argument, and we are bound to follow the United States Supreme Court's precedent in Almendarez–Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), until it is overruled by the Supreme Court. See United States v. Leyva–Martinez, 632 F.3d 568, 569 (9th Cir. 2011) (per curiam); United States v. Grajeda, 581 F.3d 1186, 1197 (9th Cir. 2009). We will not engage in anticipatory overruling of a Supreme Court precedent and consider appellant's argument on this issue as a way to preserve the issue should the Supreme Court change its law.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.